———o———

THE STATE at the relation of Z. N. GOLDSBY, Defendant in Error, *vs.* THE JUSTICES OF THE COUNTY COURT OF LIVINGSTON COUNTY, Plaintiffs in Error.

1. *Clerk of Circuit Court—Account for bunching and labeling old papers—Mandamus.*—Under a proper construction of the statute (W. S., pp. 258--9, § 11 and pp. 1136--7, § 12,) the Circuit Court has no authority to audit and allow an account presented by the clerk thereof for "properly bunching, labeling and briefing the old papers in the office." And mandamus will not lie against the County Court to compel the payment of such accounts although audited by the Circuit Court.

*Error to Livingston Circuit Court.*

*Collier, Turner & Son*, for Plaintiffs in Error.

*Broadus, Pollard & Wait*, for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

This was a petition for a mandamus. The relator was clerk of the Livingston Circuit Court. The said Circuit Court made an order directing the relator as such clerk, to procure a suitable room for an office within the distance required by law from the place of holding court, and that he remove the records and papers of his office thereto; and that he procure necessary furniture for his office. He was further ordered or directed by said court to properly bunch, label, indorse and brief all the old papers of the court.

It is shown in the petition and alternative writ that the relator by virtue of the direction in said order, performed the services required thereby, and presented an account to the Circuit Court for said services amounting to the sum of $1,070.

87-100 for allowance. That the same was allowed by said court and the allowance thereof entered of record. That said account and allowance was duly certified to the County Court and payment demanded by warrant or otherwise, and that said County Court refused to pay the same and still so refuse. (The record here fails to show any items of the account so that it can be seen for what particular services the account is charged.) The prayer is for an alternative mandamus, &c., compelling the County Court to allow and pay the account.

The defendant made a return to the alternative writ, setting forth a great many reasons why they did not pay the account but the substance is, that the work for which the account was charged had not been ordered by the County Court, and that it was services for which the Circuit Court had no authority under the law to make an allowance which was binding on the County Court. That the bunching, briefing and labeling of the papers in the office, was done to accommodate the relator who had a new mode by which said services were performed and was wanting to get a copyright for the same and desired it adopted in said county, &c.

The answer was demurred to and the demurrer sustained. A peremptory writ was ordered by the court, and judgment rendered against the defendant for costs.

The question raised in this case for the consideration of this court by the plaintiffs in error, and the ground upon which they rely to revise the judgment of the Circuit Court, is that the order of the Circuit Court directing the services to be performed as is stated in the alternative writ, was made without authority of law in so far as it directed the relator to properly *bunch, label* and *brief* all the old papers in the said court. And that the order of the court allowing said account for such services was also without authority of law, and that the allowance of said account as to such services and certifying the same to the County Court was not binding on said court and that said court had a right to refuse to pay the same.

By the statute of 1855, it was provided that, " Each clerk shall preserve the seal and other property belonging to his

office, and shall provide and preserve suitable books, stationery furniture and *other necessaries* for the office, and keep correct accounts therefor and each court shall settle such accounts and allow such sums as shall be reasonable. All such allowances made to the clerk of the Supreme Court, shall be paid by the State, and those made to other clerks shall be paid by the county."

Under this statute, the Circuit Court of St. Louis County, made an allowance to the clerk of the court for fuel used in his office. It was held by the Supreme Court of this State (St. Louis County vs. Ruland, 5 Mo., 269) that the allowance for fuel might be made, that fuel was included in the words "other necessaries:" But it was further held in that case that in as much as it appears that the clerk had not kept an account of the fuel used, as it was used, but made his account from memory and judgment, that a perumptory mandamus could not issue against the County Court to compel it to pay the account, and this notwithstanding the account had been allowed and certified by the Circuit Court.

In the case of Boone County vs. Todd, 3 Mo., 140, it was held under the same or a similar statute that the words "other necessaries," included office rent paid by the Clerk and a mandamus was issued to compel the County Court to pay an account for such rent which had been allowed by the Circuit Court.

Since these decisions however, the statute upon the subject has been changed.

The statute now reads, (W. S., pp. 258-9, § 11, and following) " Each Clerk shall preserve the seal and other property belonging to his office, and shall provide and preserve suitable books, stationery and furniture for his office and keep a correct account thereof, and each Court shall audit such account and allow such as shall be reasonable ; but no article charged on any such account shall be allowed unless it properly comes within the description of those expressly named except for fuel furnished such office, for which the Court shall make a reasonable allowance."

.The allowances when made by any Court except the Supreme Court are to be paid by the respective counties.

By the 12th section of statute in reference to records, (W. S., 1136) it is further provided that, " the Judges and Justices of the several Courts of Record within this State shall have power to order any of the books or records in the clerk's office of their respective Courts to be rebound ; or when obliterated, torn or in ruinous condition to be transcribed in new books ; and shall make a reasonable allowance therefor, which shall be chargeable to the proper county and payable out of the county treasury."

It is difficult to ascertain what is the exact interpretation which ought to be put on these several sections of the statute. It will be observed that the two sections are different in this : The first section referred to, makes it the duty of the clerk to preserve the seal and other property belonging to his office and to provide and preserve books, &c., &c. By the last section named the Court has power to order the books to be rebound, &c., it is not the duty of the clerk to have the work done until ordered to do so by the court. In reference to all other matters, the clerk can, perform the services without any previous order of the court for said purpose, and if the court should unnecessarily order the clerk to perform a duty required of him by law, such order would give the transaction no additional validity. The statute now enumerates the particular kind of services for which the courts can allow the accounts of the clerk's, and thus prohibits the allowance of any account that does not come properly within the description named. The question in this case then is, whether the account as stated by the relator is such an one as could be properly audited or allowed, under the statute above set forth, by the Circuit Court. If it is, I think the answer sets up no defense to the issuing of the peremptory writ. Under what clause of the statute has the court authority to audit and allow an account for *properly bunching*, labeling, indorsing and briefing all the old papers in the office ? If it is allowable at all it must be under the duty to preserve the seal and *other* property *belonging to the*

*office.* I think that the words "other property belonging to the office," cannot mean bunching and indorsing the papers, &c. It means property that belongs to the office, or that which is used there independent of the papers in causes pending in court. It is made his duty to file and take care of them for which specific fees are allowed. If the language to "preserve" "the property belonging to the office" be construed to include these papers and records, why was it necessary for the legislature in the act concerning records to specifically provide that the courts should have power to order the old books to be rebound and transcribed, &c.? This act seems to be a legislative construction of the first named act, and they must both be construed together. While it may operate as a hardship in this particular case, yet I think that the court had no authority to order the work last above described to be done and to allow the account therefor, so as to bind the county. It is not every claim against the county, which is even just, that it can be compelled to pay by the process of mandamus.

It follows that as the account allowed at least in part was not allowable by law, and as the items of the account do not appear on the record so that we can see what is, and how much is not, improper, we can do nothing but reverse the judgment of the court below.

The other Judges concurring, the judgment is reversed and the cause remanded.